**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

March 3, 2025

Thomas A. Uebler
Brian V. DeMott
Adam J. Waskie
Terisa A. Shoremount
Allison M. Neff
MCCOLLOM D'EMILIO SMITH
UEBLER LLC
2751 Centerville Road, Suite 401
Wilmington, DE 19808

John L. Reed
Ronald N. Brown
Caleb G. Johnson
Daniel P. Klusman
DLA PIPER LLP
1201 North Market Street, Suite 2100
Wilmington, DE 19801

Re: *Donald Ball v. Tesla, Inc., et al.*
C.A. No. 2024-0622-KSJM

Dear Counsel:

This decision resolves the parties' cross motions for summary judgment on Count I of the Amended and Supplemented Verified Stockholder Class Action Complaint (the "Amended Complaint").[1]

In Count I, the plaintiff seeks a declaratory judgment that Tesla Inc. failed to secure the necessary stockholder votes on the proposal to reincorporate Tesla under Texas law (the "Redomestication Proposal"). The plaintiff claims that the Redomestication Proposal required "the affirmative vote of the holders of at least 66 2/3 % of the voting power of all then-outstanding shares of capital stock" under Article IX of Tesla's Certificate of Incorporation. Only 63% of Tesla's outstanding shares voted in favor of the Redomestication Proposal. Because the Redomestication

---

[1] *See* C.A. No. 2024-0622-KSJM, Docket ("Dkt.") 5; Dkt. 17; Dkt. 18.

Proposal obtained approval of only 63% of the outstanding shares, the plaintiff claims that the Redomestication is void.

The parties filed cross-motions for summary judgment on Count I.[2] While the cross motions were pending, Vice Chancellor Fioravanti issued a decision in *Gunderson v. Trade Desk, Inc.*,[3] resolving questions of law related to Count I of the Amended Complaint. The parties agree that, under the reasoning of *Trade Desk*, the defendants are entitled to summary judgment on Count I of the Amended Complaint.[4] Thus, if I agree with and adopt that reasoning, summary judgment in the defendants' favor is appropriate.

I have reviewed the well-reasoned decision of my colleague and adopt his reasoning for purposes of this case. Under *Trade Desk*, the defendants are entitled to summary judgment on Count I of the Amended Complaint. Further, partial final judgment is appropriate because all the elements of Court of Chancery Rule 54(b) are met.[5]

Partial final judgement is entered in favor of the defendants with respect to Count I of the Amended Complaint.

IT IS SO ORDERED.

---

[2] Dkts. 17, 18.

[3] 326 A.3d 1264 (Del. Ch. 2024), *as revised* Nov. 8, 2024.

[4] Dkt. 42.

[5] *See Trade Desk*, 326 A.3d at 1288.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Chancellor

cc:    All counsel of record (by *File & ServeXpress*)